UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| DAVID DAHMS, | ) |
| | ) |
| Plaintiff, | ) Civil No. 0:18-070-HRW |
| | ) |
| v. | ) |
| | ) |
| COURTNEY ELAM, ET AL., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |
| | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

David Dahms is a state prisoner who was recently confined at the Eastern Kentucky Correctional Complex (EKCC) and is now an inmate at the Kentucky State Reformatory (KSR). Proceeding without a lawyer, Dahms filed a civil rights complaint with the United States District Court for the Western District of Kentucky. [D. E. No. 1]. That complaint, however, was not on a court-approved § 1983 form, and it failed to describe how each named defendant had violated Dahms's constitutional rights. Therefore, the Western District ordered Dahms to file an amended complaint using a court-supplied form, and the court informed Dahms that his amended complaint would supersede his original complaint. [D. E. No. 6].

Dahms then filed his amended complaint with the Western District, and he listed the following defendants: the Kentucky Department of Corrections (KDOC),

1

KDOC Commissioner James Erwin, Correct Care Solutions, APRN Courtney Elam (at the EKCC), APRN Betsy Ramey (at the KSR), Dr. Elton Amos (at the KSR), and "any other John or Jane Does." [D. E. No. 7]. Dahms then alleged:

1. Kentucky Dept. of Corrections violated my rights by denying me medical treatment when I broke my back at the L-4 metacarpal, dislocated the L-4 and L-5 vertebras, and ruptured the L-4 and L-5 disc. This happened approximately Nov-2016. I did not know I actually was injured this severely until 4-6-2017 when a physical therapist told me the extent of my injuries. Courtney Elam (APRN) at Eastern Kentucky was my primary care provider, also Dr. Elton Amos, Betsy Ramey APRN, and Correct Care Solutions, Inc.

2. Each defendant was negligent. On 9-19-17, I was admitted to the University of Kentucky for a transforminal lumbar interbody fusion at L-4-5. The procedure went well but, upon release, DOC . . . gave a treatment plan with specific instructions for medication: acetaminophen 325 mg oral 2 tab every 4 hours, diazepam 5 mg oral 1 tablet every 4 hours, docusate sodium 100 mg oral 1 cap 2 times per day, Gabapentin 300 mg oral capsule 1 cap 3x a day, oxycodone-acetaminophen 1 tab orally every 4 hours as needed [for] moderate to severe pain. Medical records state do not take any other medication except that is prescribed by surgeon. I was left in extreme pain until it finally subsided. I never received any of medication prescribed.

3. Also each defendant intentionally inflicted emotional distress and outrage by denying me the proper care prescribed by the surgeons.

4. There were multiple grievances filed . . . . I have exhausted administrative remedies by filing grievances.

[D. E. No. 7 at 4-5]. Finally, Dahms indicated that he is seeking compensatory and punitive damages, and he also asks the Court to grant him injunctive relief by

revoking the medical licenses of the doctor and nurses named in the complaint. [D. E. No. 7 at 6].

The Western District reviewed Dahms's complaint and determined that he was claiming (1) that officials at the EKCC failed to timely diagnose and treat his back injury, and (2) that, after his surgery, officials at the KSR failed to give him the medication that he was prescribed. [D. E. No. 11 at 3]. The Western District then determined that these claims were separate and distinct from one another and said:

> Plaintiff's claims regarding the denial of prescribed medication after surgery by officials at KSR are properly filed in [the Western District] since KSR is located in Oldham County which is in this district. *See* 28 U.S.C. § 97(b). However, Plaintiff's claims based upon his back injury and the alleged failure of officials to timely diagnose and treat this injury occurred at EKCC, where Plaintiff was incarcerated before his surgery, and where his medical records related to such are presumably located. EKCC is located [in] Morgan County which is in the Eastern District of Kentucky. *See* 28 U.S.C. § 97(a).

[D. E. No. 11 at 3]. Therefore, the Western District severed Dahms's "claims in his amended complaint that are based upon the failure of officials at EKCC to timely diagnose and treat his back injuries" and transferred those claims to this Court for further disposition. [D. E. No. 11 at 4]. The Western District then added that "[t]his severance includes all claims against Defendant Elam because she is the only party Plaintiff indicates works exclusively at EKCC." [D. E. No. 11 at 4].

This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A. In light of the Western District's order, it appears that this action only

3

involves Dahms's claims against APRN Courtney Elam because she is the only party that works exclusively at the EKCC. That said, out of an abundance of caution, the Court will also screen Dahms's claims against the KDOC, KDOC Commissioner James Erwin, and Correct Care Solutions to the extent that those claims involve allegations related to Dahms's time at the EKCC.

As drafted, Dahms's claims fail to state a claim upon which relief may be granted. To the extent that Dahms is pursuing claims against the KDOC in this action, the KDOC is not subject to suit in federal court under § 1983. That is because a state agency like the KDOC is not a "person" subject to liability under § 1983 and because the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07CV-P697-S, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Department of Corrections*, No. 08-CV-104-HRW, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("The Eleventh Amendment has also been interpreted to extend immunity to state employees sued for damages in their official capacities."). As a result, the Court will dismiss Dahms's claims against the KDOC.

To the extent that Dahms is pursuing claims against KDOC Commissioner James Erwin in this action, he does not allege that Erwin was personally involved in the incidents in question. Moreover, the United States Court of Appeals for the Sixth Circuit has made it clear that "§ 1983 liability must be based on more than respondeat superior, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, the Court will dismiss Dahms's claims against Erwin.

To the extent that Dahms is pursuing claims against Correct Care Solutions in this action, he does not allege any specific facts regarding that defendant. Furthermore, Correct Care Solutions is not liable to Dahms merely because it may employ some of the other defendants in this case; instead, Dahms would have had to allege that those other defendants acted pursuant to a policy or custom established by Correct Care Solutions. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Anderson v. Ballard*, No. 3:17-cv-026-GFVT (E.D. Ky. March 16, 2018) (citing *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003)). Here, Dahms makes no such allegation. Therefore, the Court will dismiss Dahms's claims against Correct Care Solutions.

Finally, as currently drafted, Dahms's claims against APRN Courtney Elam are subject to summary dismissal for failure to adequately state a claim for relief. While Dahms lists Elam as a defendant in this action, he fails to include any

substantive factual allegations against her. In fact, Dahms's only relevant allegation is that the "Kentucky Dept. of Corrections violated my rights by denying me medical treatment" before adding, a few sentences later, that "Courtney Elam (APRN) at Eastern Kentucky was my primary care provider." [D. E. No. 7 at 4]. That is the only time Dahms mentions Elam in the body of his complaint; indeed, he never provides any factual details whatsoever regarding what Elam did or did not do to cause him harm. While this Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *See Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003). In short, Dahms has simply not alleged enough facts in his current complaint to state a claim against Elam. Therefore, the Court will dismiss Dahms's claims against Elam without prejudice.

Accordingly, it is **ORDERED** as follows:

1. To the extent that Dahms is pursuing claims against the KDOC, KDOC Commissioner James Erwin, and Correct Care Solutions regarding his time at the EKCC, those claims are **DISMISSED** with prejudice. The Clerk's office shall **TERMINATE** these defendants from this action.

2. Dahms's claims against APRN Courtney Elam are **DISMISSED** without prejudice. The Clerk's office shall **TERMINATE** Elam as a defendant from this action.

6

3. Since Dahms is not pursuing any other claims in this case, the Clerk's office shall **TERMINATE** all other defendants from this action.

4. Any and all other pending motions are **DENIED AS MOOT**.

5. This action is **STRICKEN** from the Court's docket.

6. A corresponding Judgment will be entered this date.

This 6th day of July, 2018.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge